NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL COLON *et al.*, | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 08-CV-4439 (DMC) |
| PASSAIC COUNTY *et al.*, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiffs' motion for class certification under Fed. R. Civ. P. 23(b)(2) and upon Defendant George Hayman's ("Hayman") motion to dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiffs' motion for class certification is **granted**, and Hayman's motion to dismiss is **denied**.

**I.   BACKGROUND**

This matter arises due to the squalid conditions alleged by Plaintiffs to exist at the Passaic County Jail ("PCJ"). Plaintiffs are a group of eight current or former inmates at PCJ. Plaintiffs complain that PCJ suffers from: (1) overcrowding, leading to a lack of privacy, loss of sleep and the threat of inmate violence; (2) unsanitary living conditions; (3) inadequate medical care; (4) unsafe and inadequate food; (5) inadequate temperature control and ventilation; (6) inadequate clothing; (7) inadequate fire detection and alarm systems; (8) use of excessive force by

Correction Officers, including the use of dogs for intimidation; (9) restrictions on religious freedom; and (10) retaliation for airing grievances.

Plaintiffs filed a Complaint in this Court on September 3, 2008 seeking injunctive and declaratory relief under various constitutional claims, including: (1) violation of the Fourteenth Amendment prohibition on unlawful punishment of pre-trial detainees; (2) violation of the Eighth Amendment prohibition on cruel and unusual punishment of sentenced inmates; (3) violation of the First Amendment right to the free exercise of religion; (4) violation of the First Amendment due to alleged retaliation against inmates; and (5) violation of the First Amendment due to alleged restrictions on inmate access to the courts. Currently before the Court is Plaintiffs' motion to certify a class of "all persons who are now or will become incarcerated at PCJ during the pendency of this lawsuit." Defendant Hayman also moves to dismiss all claims as against him because he held only "permissive" authority over PCJ and thus is not responsible for the care, custody or control of PCJ.

**II.    STANDARDS OF REVIEW**

    A.    *Class Certification Standards*

The requirements for class certification are outlined in Fed. R. Civ. P. 23. See Johnston v. HBO Film Mgmt., Inc., 265 F.3d 178, 183–84 (3d Cir. 2001). Under Rule 23, the moving party bears the burden of demonstrating not only that the proposed class satisfies the four prerequisites of Rule 23(a), but also that the action can be maintained under at least one subsection of Rule 23(b). See id.; see also Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613–14 (1997).

The four prerequisites of Rule 23(a) are satisfied where: (1) the class is so numerous that joinder of all members is impracticable; (2) questions of law or fact exist that are common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a). Commonly referred to as numerosity, commonality, typicality, and adequacy of representation, these four requirements are "meant to assure both that the class action treatment is necessary and efficient and that it is fair to the absentees under the particular circumstances." Banda v. Corzine, 2007 WL 3243917, *15 (D.N.J. Nov. 1, 2007) (quoting Baby Neal v. Casey, 43 F.3d 48, 55 (3d Cir. 1994)).

Upon satisfying Rule 23(a), the moving party must then show that the putative class falls under at least one of the subsections of Rule 23(b). In this case, Plaintiff has pled certification under subsection (b)(2), which permits class actions for declaratory or injunctive relief where "the party opposing the class has acted or refused to act on grounds generally applicable to the class." See Amchem Prods., 521 U.S. at 614.

Courts deciding whether to certify a class under Rule 23 must undertake a "rigorous analysis" and consider all relevant evidence and arguments presented by the parties. See In re Hydrogen Peroxide Antitrust Lit., 552 F.3d 305, 307 (3d Cir. 2008). Decisions to certify a class require "findings by the court, not merely a threshold showing" by the moving party, that the requirements of Rule 23 are met. Id. Factual determinations supporting Rule 23 findings must be made by a preponderance of the evidence. Id. Furthermore, the Court must resolve all factual or legal disputes relevant to class certification, even if they overlap with the merits. Id.

B.     *Rule 12(b)(6) Standard*

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In Bell Atl. Corp. v. Twombly, the Supreme Court clarified the Fed. R. Civ. P. 12(b)(6) standard. See 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Twombly, 127 S. Ct. at 1968 (citing Conley, 355 U.S. at 45–46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965.

**III.     CLASS CERTIFICATION**

Plaintiffs seek to certify a class under Rule 23(b)(2) of "all persons who are now or will become incarcerated at PCJ during the pendency of this lawsuit." Defendants oppose the motion by arguing that the named class representatives do not adequately represent the full spectrum of inmates incarcerated at PCJ, thus making the proposed class overbroad. Because the Court finds that the proposed class meets the requirements of Rule 23, however, Plaintiffs' motion for class

4

certification is **granted**.

      A.    *Numerosity*

The proposed class meets the numerosity requirement of Rule 23(a). "Numerosity requires a finding that the putative class is so numerous that joinder of all members is impracticable." Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 183 (3d Cir. 2001). Numerosity is generally met "if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40." Stewart v. Abraham, 275 F.3d 220, 226–27 (3d Cir. 2001). Here, because the proposed class includes an inmate population of roughly 1500 to 2000 members, the Court finds that numerosity is met.

      B.    *Commonality*

The proposed class also satisfies Rule 23(a)'s commonality requirement. Commonality is "easily met," Baby Neal, 43 F.3d at 56, and is satisfied where "plaintiffs share at least one question of fact or law with the grievances of the prospective class." Newton, 259 F.3d at 183. "All that is required is that the litigation involve some common questions and that plaintiffs allege harm under the same legal theory." Baby Neal, 43 F.3d at 58. Furthermore, injunctive actions "by their very nature" present common questions because they typically do not require the individualized inquiry necessary for a determination of damages. See Dittimus-Bey v. Taylor, 244 F.R.D. 284, 290 (D.N.J. 2007) (quoting Kanter v. Casey, 43 F.3d 48, 57 (3d Cir. 1994)).

Here, Defendants object to commonality on the basis that the detention circumstances for the named Plaintiffs are not "common" to all class members, and that, as a result, the proposed class is overbroad. Defendants rely in their argument on the fact that the named Plaintiffs are all

5

male, that they apparently reside in dormitory-style units representing only 10% of PCJ's housing units, and that an apparent disparity exists in the treatment of prisoners. The Court disagrees. Plaintiffs constitutional claims under the First, Eighth and Fourteenth Amendments all arise out of the overcrowding and otherwise squalid conditions alleged to exist at PCJ. Each of these claims, including those based upon cruel and unusual or unlawful punishment, the free exercise of religion, and unlawful retaliation, require the demonstration of common proofs relating to the detainment conditions at PCJ. See, e.g., Dittimus-Bey, 244 F.R.D. at 290 (commonality satisfied where inmates sought to vindicate Eighth and Fourteenth Amendment rights to a "safe and healthy environment" because claims required a showing that defendants were deliberately indifferent to inmate safety and health). Indeed, other courts have found "commonality" satisfied where inmates held a shared interest in enjoining objectionable conduct. Id.; see also Jones v. Goord, 190 F.R.D. 103, 112 (S.D.N.Y. 1999) (finding that commonality is satisfied where "inmates have a common interest in preventing the recurrence of the objectionable conduct"). Accordingly, because the named Plaintiffs share significantly more than "at least one question of fact or law" with the proposed class, and because injunctive actions present common questions "by their very nature," the Court finds that commonality is satisfied.

    C.    *Typicality*

The proposed class also satisfies Rule 23(a)'s typicality requirement. Rule 23(a)(3) requires that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Typicality centers on whether "the named plaintiff[s'] individual circumstances are markedly different or . . . the legal theory upon which the claims are based

6

differs from that upon which the claims of other class members will perforce be based." See Newton, 259 F.3d at 183.

Here, typicality is satisfied because neither the individual circumstances of the named Plaintiffs nor the legal theories upon which their claims are based are "markedly different" from those of the remaining class members. Defendants argue that the named Plaintiffs are atypical because the class representatives include men only, live in cells representing only 10% of PCJ's overall housing units, and because, as Plaintiffs' themselves argue, some inmates are better off than others. However, Rule 23 does not require an exact identity of claims and injuries among the putative class members. See Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985); Hassine v. Jeffes, 846 F.2d 169, 177 (3d Cir. 1988). Rather, the Rule requires "only that the harm complained of be common to the class," and that the named representatives demonstrate "a personal interest or threat of injury . . . [that] is real and immediate, not conjectural or hypothetical." See Dittimus-Bey, 244 F.3d at 291. Here, the claims of the named Plaintiffs are based on conditions at PCJ that include common harms such as, *inter alia*, overcrowding, unsanitary living conditions, and inadequate ventilation and temperature control. Whether these conditions were experienced in "precisely the same manner" by the all of the class members or not, see Hassine, 846 F.2d at 177, it can hardly be disputed that these types of conditions would nonetheless affect the entire prison population, and that they would likely form the basis for any constitutional claims arising thereunder. See, e.g., Newton, 259 F.3d at 183–84 (typicality is established where the claims "involve the same conduct by the defendant, . . . regardless of factual differences"); Dittimus-Bey, 244 F.R.D. at 291 (typicality focuses on whether the

representatives "suffered a similar injury from the same course of conduct"). In any event, it is certain that the entire class of inmates would benefit from relief enjoining such conditions.[1] Accordingly, because the circumstances of the named Plaintiffs do not appear "markedly different" from the rest of the putative class, and because the class claims appear to involve the same conduct by the Defendants, the Court finds that typicality is satisfied.

       D.    *Adequacy of Representation*

Defendants also argue that the named Plaintiffs are inadequate representatives for the class because, due to alleged differences in detention conditions, conflicts of interest exist that prevent them from representing the interests of the entire class. Defendants are wrong. Rule 23(a)(4) requires that the representatives "fairly and adequately protect the interests of the class." Courts must determine: (1) whether the representatives' interests conflict with those of the class; and (2) whether the class attorney is capable of representing the class. See Newton, 259 F.3d at 185. The named plaintiffs must have "the ability and incentive to represent the claims of the class vigorously," and there must be "no conflict between the individual claims and those asserted on behalf of the class." See Hassine, 846 F.2d at 179.

Here, Plaintiffs seek to enjoin conditions at PCJ that include overcrowding, unsanitary

---

[1] Nor is the Court persuaded by Defendants' argument that the named Plaintiffs are improper representatives because they failed to exhaust their administrative remedies. Plaintiffs have produced evidence showing that all of the named Plaintiffs did in fact file grievances complaining of their conditions of confinement, or, alternatively, that they were prevented from utilizing the grievance process. See Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002) (noting that the Prison Litigation Reform Act requires exhaustion only of such administrative remedies "as are available"). Accordingly, the Court finds that Plaintiffs' alleged failure to exhaust their administrative remedies does not prevent certification.

living conditions, inadequate medical care, unsafe and inadequate food, the use of excessive force by Correction Officers, restrictions on religious freedom, retaliation for airing grievances, and others. As the Court has already noted, these are predominantly common harms likely to affect the entire inmate population, be it directly or indirectly. At the very least, the named Plaintiffs appear to be directly affected by such conditions, and, as such, their incentive to eradicate such conditions can hardly be questioned. Nor does the Court believe that the interests of the named Plaintiffs conflict with those of other class members. While the Complaint does identify some discrepancies in the treatment and identity of inmate groups, including that some units receive air conditioning while others do not, such differences are relatively minor when viewed beside the breadth of troublesome conditions alleged to exist at PCJ, and the Court finds that they are unlikely to create conflicts for the class representatives. See, e.g., Kanter, 43 F.3d at 58 ("Where an action challenges a policy or practice, the named plaintiffs suffering one specific injury from the practice can represent a class suffering other injuries, so long as the injuries are shown to result from the same practice."); see also Dittimus-Bey, 244 F.R.D. at 292 (noting that "it does not matter for purposes of Rule 23(a)(4) that the named plaintiffs allegedly suffered different manifestations of the prison's unconstitutional overcrowding"). In any event, such differences certainly do not create an interest for the named representatives in seeing that the challenged practices continue against other class members. See Sosna v. Iowa, 419 U.S. 393, 403 n.13 (1975). Accordingly, because the Court finds that no differences exist among class members that would create a fatal conflict of interest for the named representatives, and because it is undisputed that the attorneys in this case are more than capable of providing the necessary

9

legal assistance,[2] the Court finds that Plaintiffs will fairly and adequately protect the interests of the class and that Rule 23(a)(4) is satisfied.

    E.    *Rule 23(b)(2)*

Because the four prerequisites of Rule 23(a) have been met, the Court next considers whether the proposed class also meets the requirements of Rule 23(b)(2). Rule 23(b)(2) permits class actions for declaratory or injunctive relief where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

Defendants again object on the basis that the proposed class is overbroad, arguing that Defendants cannot be said to have acted or refused to act on grounds generally applicable to the entire class because not all units of the jail suffer from the same conditions. However, Rule 23(b)(2) does not require that all members of the class be already injured for the class action to proceed. See Dittimus-Bey, 244 F.R.D. at 293. Instead, a defendant's action or inaction will be viewed as having been directed towards a class "even if it has taken effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class." Id. Here, Plaintiffs allege a series of actions taken by Defendants against the entire inmate population at PCJ, including, *inter alia*, allowing overcrowding, unsanitary living conditions, poor ventilation and temperature control, as well as alleged

---

[2]Plaintiffs are represented by counsel from the Center for Social Justice ("CSJ") at Seton Hall Law School, the American Civil Liberties Union of New Jersey ("ACLU-NJ"), and Dechert LLP. All three have extensive experience litigating class actions, including several cases involving prisoner rights. See, e.g., Alves v. Ferguson, No. 01-CV-789 (D.N.J., ongoing) (CSJ), Jones v. Hayman, No. C-123-07 (N.J. Super. Ct., ongoing) (ACLU-NJ), and Williams v. Morton, 343 F.3d 212 (3d Cir. 2003) (Dechert).

beatings, retaliatory actions, and religious suppression.[3]  As found by the court in Dittimus-Bay in addressing a similar complaint based upon prison overcrowding, such cases are "a paradigm of the type of class suitable for certification under Rule 23(b)(2)."  See Id.; see also Amchem, 521 U.S. at 614 (noting that "[c]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples").  In this case, Plaintiffs assert class-wide grievances against PCJ authorities in an effort to enjoin the policies and actions leading to these conditions.  As such, this case is a prime candidate for class treatment under Rule 23(b)(2) because it seeks injunctive relief against actions, or inactions, affecting the prisoners detained at PCJ as a whole.  The Court thus finds that the requirements of Rule 23(b)(2) are satisfied.

Accordingly, because the Court finds that the proposed class satisfies all of the requirements under Rule 23(a) and (b)(2), the Court will certify a class under Rule 23(b)(2) defined as: All persons who are now or will become incarcerated at PCJ during the pendency of this lawsuit.[4]

## IV.    MOTION TO DISMISS

Defendant Hayman, Commissioner of the New Jersey Department of Corrections

---

[3]References in the Complaint to discrepancies in living standards among prison groups, specifically that some units receive air conditioning while others do not, appear to be an effort by the Plaintiffs to show that Defendants have the ability to provide such services, rather than an attempt to pit one set of inmates against another.  In any event, such claims pale in comparison to the class-wide complaints of overcrowding, unsanitary conditions and inadequate food.

[4]Further discovery is unnecessary for the Court to decide this motion.  While Hydrogen Peroxide requires the Court to conduct a "rigorous analysis" and to resolve all factual or legal disputes relevant to class certification, see 552 F.3d at 307, the Court finds that the current record is sufficient to support its findings that each of the Rule 23 requirements are met.

("NJDOC"), moves for dismissal under Fed. R. Civ. P. 12(b)(6) on the grounds that his authority over PCJ is only "permissive" and that he is not responsible for the care, custody or control of PCJ. Defendant's argument relies heavily on MacNeil v. Klein, a 1976 decision of the New Jersey Appellate Division holding that the Commissioner of the New Jersey Department of Institutions and Agencies (NJDOC's predecessor) could not be held liable for deprivation of inmate rights at a county correctional facility because he held only "permissive" responsibilities with respect thereto. See 358 A.2d 488, 492–93 (N.J. Super. Ct. App. Div. 1976). Defendant fails to recognize, however, that significant changes have been made to the Commissioner's authority in the years since MacNeil, not the least of which being the creation of the NJDOC in 1976. See N.J.S.A. 30:1B-1. Under the current statutory scheme, the Commissioner of the NJDOC appears to bear a series of mandatory responsibilities towards the county jails, including, with relevance here, to "order a phased restriction of admission of new inmates" upon finding that a county jail "is in willful and continuous disregard of the minimum standards," and to "locate inmates assigned to any facility so restricted by such order within other State or county penal facilities." See N.J.S.A. 30:8-57, 58. These statutes appear to impose mandatory responsibilities on the Commissioner with respect to the county jails that did not otherwise exist at the time MacNeil was decided.[5] Accordingly, because the Court finds that the Defendant Hayman, as Commissioner of the NJDOC, may bear mandatory responsibilities towards the

---

[5] The Court notes that Defendant Hayman declined to reply to Plaintiffs' opposition to the motion to dismiss, and thus declined to address Plaintiffs' arguments with respect to the changes in the laws and the apparent mandatory duties imposed by them upon the NJDOC Commissioner.

inmates at PCJ, his motion to dismiss under Rule 12(b)(6) is denied.

## V.     CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiffs' motion for class certification is **granted**, and Defendant Hayman's motion to dismiss is **denied**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       May  27 , 2009
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File

13