UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL COLON, ROY SCHMITT, JUBRA'EEL LEBRON, WINIFRED GATES, MARK HARKINS, MATTHEW CARLEY, CECILIO TOLEDANO, and ANDREW CRAWFORD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PASSAIC COUNTY, PASSAIC COUNTY BOARD OF CHOSEN FREEHOLDERS, SONIA ROSADO in her official capacity as Passaic County Freeholder, TANESHA WAY, in her official capacity as Passaic County Freeholder, PAT LEPORE, in his official capacity as Passaic County Freeholder, TERRY DUFFY, in his official capacity as Passaic County Freeholder, JAMES GALLAGHER, in his official capacity as Passaic County Freeholder, BRUCE JAMES, in his official capacity as Passaic County Freeholder, ELEASE EVANS, in her official capacity as Passaic County Freeholder, PASSAIC COUNTY SHERIFF'S DEPARTMENT, JERRY SPEZIALE, in his official capacity as Sheriff of Passaic County, CHARLES MEYERS, in his official capacity as Warden of Passaic County Jail, STEVEN MYERS, in his official capacity as Deputy Warden of Passaic County Jail, and GEORGE W. HAYMAN, in his official capacity as Commissioner of the New Jersey Department of Corrections,,<br><br>Defendants. | Case No. 08-4439 (JLL-MF) |

**CONSENT JUDGMENT EXTENDING**
**CONSENT DECREE AND MONITORING WITH RESPECT TO MOU D**

This Consent Judgment Extending the Consent Decree entered in this matter is entered into and on behalf of the class members in the above-captioned action (the "Plaintiffs") and Passaic County, Passaic County Board of Chosen Freeholders, the Sherriff of Passaic County in his official capacity, and the Warden of the Passaic County Jail in his official capacity ("the Defendants").

**WITNESSETH THAT:**

WHEREAS individual plaintiffs filed this class action suit on September 3, 2008, against the Defendants seeking wide-ranging declaratory and injunctive relief on behalf of a class of inmates at the Passaic County jail as well as the recovery of attorney's fees and costs;

WHEREAS, Plaintiffs filed the Complaint pursuant to 42 U.S.C. § 1983, seeking redress for alleged violations of the First, Fifth, Eighth and Fourteenth Amendments of the United States Constitution;

WHEREAS, the District Court certified the matter as a class action on May 27, 2009, and the class was defined as "all persons who are now or will become incarcerated at PCJ during the pendency of the lawsuit;"

WHEREAS, Plaintiffs and Defendants agreed on December 30, 2011, to resolve the issues via a federally enforceable Settlement Agreement (attached hereto as Exhibit A), consistent with the requirements of the Prison Litigation Reform Act, 18 USC § 3626;

WHEREAS, the District Court approved the settlement agreement after a fairness hearing conducted on April 23, 2012, and incorporated the parties' agreement into a judicial order ("Consent Decree") that expressly retained jurisdiction to ensure Defendants' compliance with the agreement and order;

WHEREAS, the Consent Decree incorporated Memoranda of Understanding (MOU) setting forth the substantive reforms agreed to by the parties in five subject areas: Fire Safety (MOU A); Environmental Health Issues (MOU B); Correctional Issues (MOU C); Medical Issues (MOU D)(attached hereto as Exhibit B); and Mental Health Issues (MOU E);

WHEREAS, the Consent Decree incorporated the terms of the Confidentiality Order entered by the Court on February 24, 2010 (attached hereto as Exhibit C);

WHEREAS, the Consent Decree provided for the appointment of an independent Monitor and consultants to ensure compliance with the agreement, including through periodic site inspections;

WHEREAS, the parties agreed that the Consent Decree would be in force for a five-year term, beginning with the date of the final judicial order approving the agreement, April 24, 2012, unless Defendants earlier satisfied the terms set forth in Section VII of the Consent Decree;

WHEREAS, Section IV P(1) of the Consent Decree entitles Plaintiffs to seek judicial enforcement of that agreement and order if, after the fifth site inspection, PCJ is not in compliance with the Consent Decree and the parties cannot agree on a remediation plan;

WHEREAS, the Monitor has, as of April 2017, determined that PCJ is substantially compliant with MOU A, MOU B, MOU C, and MOU E;

WHEREAS the Monitor concluded after the fifth site inspection that PCJ was not in substantial

compliance with MOU D;

WHEREAS Defendants disagreed with certain compliance determinations of the Monitor regarding MOU D;

WHEREAS, Plaintiffs sought remediation from Defendants with respect to MOU D;

WHEREAS, Plaintiffs notified the district court in August 2016 that the parties could not agree on remediation of non-compliance and Plaintiffs would seek enforcement of the consent decree;

WHEREAS, the Parties requested a briefing schedule to address Plaintiffs' proposed motion to enforce the Consent Decree;

WHEREAS, Plaintiffs prepared to file a motion to enforce the consent decree and Defendants prepared to file a motion to terminate prospective relief under the Prisoners Litigation Reform Act 18 U.S.C. § 3626(a);

WHEREAS, prior to filing any motions, the Parties agreed to resolve the current dispute in lieu of motion practice through this Consent Judgment; and

WHEREAS, the Parties intend to preserve all of their rights and remedies as applied to MOU D, including those available in the Consent Decree for the duration of this extension.

NOW, THEREFORE, Plaintiffs and Defendants hereby set forth the understanding reached between them:

I. **TERMS**

A. The provisions of the Consent Decree ("Settlement Agreement and Order") relating to and as applied to MOU D (but not MOU's A, B, C or E), will be extended for one year after the would-be expiration on April 24, 2017. The obligations and rights of the parties under these provisions shall remain in effect unless otherwise altered by this Consent Judgment.

B. The parties hereby alter Sections II, III, IV, VI, XIV(C) of the Settlement Agreement to apply during the term of this Consent Judgment only with respect to MOU D and to medical records, medical incidents, medically exigent circumstances, and deaths.

C. The parties hereby agree that MOU's A, B, C, and E of the Settlement Agreement have expired, and that Plaintiffs have no further right to enforce the terms of the Consent Decree or Settlement Agreement with respect to those MOUs.

D. The term of this Consent Judgment shall run from the expiration of the Settlement Agreement until April 24, 2018, with the Monitor and/or medical consultant conducting 3 site visits during that period, as described in paragraph E below. If a site visit is rescheduled for any reason and three site visits are not completed by April 24, 2018, the Consent Judgment will extend beyond April 24, 2018, but only insofar as is necessary to

complete all 3 site visits contemplated by the Consent Judgment. The District Court shall retain jurisdiction to enforce the Settlement Agreement with respect to and as applied to MOU D during this term.

E. The medical consultant shall conduct three site inspections at the Passaic County Jail. No site inspection shall last longer than four (4) days. The inspections will occur on the following dates: July 17 - 20, 2017, October 30 - November 2, 2017, and March 12-15, 2018.

F. Section VII.B of the Consent Decree is modified in that any MOU D provision found to be in substantial compliance for three consecutive inspections, including the inspections that took place before this extension agreement, shall sunset and the monitoring of that provision shall cease, provided that the Warden or his designee is able to certify that Defendants have remained in substantial compliance since the last inspection.

G. During the one-year extension, PCJ will conduct the following Quality Assurance activities:

- PCJ will conduct monthly Quality Assurance Committee meetings, during which the quality indicators required by MOU D for pharmacy, sick call, and chronic disease care will be reviewed on a rotating basis every two months.

- Problems identified through such review, or the review of other CQI data gathered by the Medical Department, will be addressed in the minutes. If the Quality Assurance Committee determines that a full CQI study is necessary to address an identified problem, it will be assigned to a particular person/team and the status reviewed at subsequent Quality Assurance meetings until the study is completed.

- PCJ will continue the monthly Medical Department/PCJ Administration meeting ("Medical meeting"). Statistics on deaths, unexpected hospitalizations, suicide attempts, and infectious disease outbreaks will continue to be gathered and reported on a monthly basis as part of the Medical meeting documentation. The Medical Department will also continue to gather and report the following infectious disease statistics during the Medical meeting: the number of syphilis tests (and positive results), the number of gonorrhea and chlamydia tests (and positive results), the number of HIV tests (and positive results), and the number of inmates treated for STDs before release. The TB statistics currently tracked by the Medical Department (the number of inmates with a history of a prior positive PPD, the number of positive Mantoux tests, the number of patients treated for latent TB and the number of patients with active TB) will also continue to be gathered and reported on a monthly basis as part of the Medical meeting documentation.

- An Agenda will be drafted for each Quality Assurance Committee meeting and any MOU audit tools being reviewed that month will be annexed to the Agenda or provided at the meeting.

H. Because Defendants do not concede that the activities reflected in Paragraph G are required by MOU D, in the event of a judicial proceeding to enforce the terms of the Settlement Agreement and/or this Consent Order, Plaintiffs may introduce determinations by the Monitor (or medical consultant) that Defendants have not complied with Paragraph G as evidence of non-compliance with the quality assurance requirements of MOU D, but such evidence will not be determinative of compliance.

I. The terms agreed upon within this Consent Judgment are being entered by the Court in an enforceable order, based upon the consent and acquiescence of the parties. 18 U.S.C. § 3626(g).

J. Neither party waives its position regarding the use and/or admissibility of any final medical monitor reports in judicial proceedings to enforce MOU D of the Settlement Agreement, and/or any proceedings to terminate prospective relief under the Prison Litigation Reform Act.

K. Other than as set forth herein, this Consent Judgment does not otherwise enlarge or restrict any party's rights under the April 24, 2012 Consent Decree, the Settlement Agreement or MOU D.

For the Defendants:

J. Barry Cocoziello
Marianne C. Tolomeo
**CONNELL FOLEY**
One Newark Center
1085 Raymond Blvd, 19th Floor
Newark, NJ 07102
T: 973.436.5800

For the Plaintiffs:

Jennifer B. Condon
**SETON HALL UNIVERSITY SCHOOL OF LAW, CENTER FOR SOCIAL JUSTICE**
833 McCarter Highway
Newark, NJ 07102
(973) 642-8700

*/s/ Jeanne LoCicero*

Edward L. Barocas
Jeanne LoCicero
**AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION**
PO Box 32159
Newark, NJ 07102
(973) 642-2086

*/s/ Christopher J. Michie*

Christopher J. Michie
**CLARK MICHIE LLP**
220 Alexander Street
Princeton, New Jersey 08540
(609) 423-2142

Having reviewed the background, terms and conditions set forth above and the records on file in this case, the Court hereby orders that the Consent Decree and MOU D incorporated therein shall be extended by one-year pursuant to the terms set forth above. This court shall retain jurisdiction over this case to enter any order necessary to ensure compliance with and implementation of the terms and conditions set forth above. The Court further finds that the terms of this federally enforceable Consent Judgment comply in all respects with the provisions of the Prison Litigation Reform Act, 18 U.S.C. § 3626(a), are fair and reasonable, and that giving the Defendants an additional year to implement their plan, shall provide-effective relief to the plaintiff class.

IT IS SO ORDERED.
DATED:
7-19-2017

United States District Court