UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL COLON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PASSAIC COUNTY, et al.<br><br>Defendants. | Case No. 08-4439 (JLL-MF) |

### SECOND CONSENT JUDGMENT EXTENDING
### CONSENT DECREE AND MONITORING WITH RESPECT TO MOU D

This Second Consent Judgment Extending the Consent Decree entered in this matter is entered into and on behalf of the class members in the above-captioned action (the "Plaintiffs") and Passaic County, Passaic County Board of Chosen Freeholders, the Sherriff of Passaic County in his official capacity, and the Warden of the Passaic County Jail in his official capacity ("the Defendants").

**WITNESSETH THAT:**

WHEREAS individual plaintiffs filed this class action suit on September 3, 2008, against the Defendants seeking wide-ranging declaratory and injunctive relief on behalf of a class of inmates at the Passaic County Jail ("PCJ") as well as the recovery of attorney's fees and costs;

WHEREAS, Plaintiffs filed the Complaint pursuant to 42 U.S.C. § 1983, seeking redress for alleged violations of the First, Fifth, Eighth and Fourteenth Amendments of the United States Constitution;

WHEREAS, the District Court certified the matter as a class action on May 27, 2009, and the class was defined as "all persons who are now or will become incarcerated at PCJ during the pendency of the lawsuit;"

WHEREAS, Plaintiffs and Defendants agreed on December 30, 2011, to resolve the issues via a federally enforceable Settlement Agreement (attached hereto as Exhibit A), consistent with the requirements of the Prison Litigation Reform Act, 18 U.S.C. § 3626;

WHEREAS, the District Court approved the settlement agreement after a fairness hearing conducted on April 23, 2012, and incorporated the parties' agreement into a judicial order ("Consent Decree") that expressly retained jurisdiction to ensure Defendants' compliance with the agreement and order;

WHEREAS, the Consent Decree incorporated Memoranda of Understanding (MOU) setting forth the substantive reforms agreed to by the parties in five subject areas: Fire Safety (MOU A); Environmental Health Issues (MOU B); Correctional Issues (MOU C); Medical Issues (MOU D) (attached hereto as Exhibit B); and Mental Health Issues (MOU E);

WHEREAS, the Consent Decree incorporated the terms of the Confidentiality Order entered by the Court on February 24, 2010 (attached hereto as Exhibit C);

WHEREAS, the Consent Decree provided for the appointment of an independent Monitor and consultants to ensure compliance with the agreement, including through periodic site inspections;

WHEREAS, the parties agreed that the Consent Decree would be in force for a five-year term, beginning with the date of the final judicial order approving the agreement, April 24, 2012, unless Defendants earlier satisfied the terms set forth in Section VII of the Consent Decree;

WHEREAS, Section IV P(1) of the Consent Decree entitles Plaintiffs to seek judicial enforcement of that agreement and order if, after the fifth site inspection, PCJ is not in compliance with the Consent Decree and the parties cannot agree on a remediation plan;

WHEREAS, as of April 2017, the Monitor determined that PCJ was substantially compliant with MOU A, MOU B, MOU C, and MOU E;

WHEREAS, the Medical Consultant concluded that PCJ was not in substantial compliance with MOU D as of April 2017;

WHEREAS, the parties ultimately agreed to extend the period of the Consent Decree as it related solely to MOU D;

WHEREAS, such agreement took the form of a first Consent Judgment ordered by the Court and docketed on July 19, 2017;

WHEREAS, the most recent report on compliance with MOU D, dated April 2018, indicated that Defendants had not yet come into compliance with some of its terms;

WHEREAS, Plaintiffs notified the district court that they would seek enforcement of the Consent Decree;

WHEREAS, Plaintiffs prepared to file a motion to enforce the Consent Decree and Defendants prepared to file a motion to terminate prospective relief under the Prison Litigation Reform Act 18 U.S.C. § 3626(a);

WHEREAS, prior to filing any motions, the parties agreed to resolve the current dispute in lieu of motion practice through this Second Consent Judgment; and

WHEREAS the Parties intend to preserve all of their rights and remedies as applied to MOU D including those available in the Consent Decree for the duration of this extension.

NOW, THEREFORE, Plaintiffs and Defendants hereby set forth the understanding reached between them:

## TERMS

1. The provisions of the Consent Decree ("Settlement Agreement and Order") relating to 18 provisions of MOU D identified in paragraph 3 below will be extended to October 24, 2018. The obligations and rights of the parties under these provisions shall remain in effect unless otherwise altered by this Consent Judgment.

2. The parties agree that MOU A, B, C, and E expired in April 2017 and that the following provisions of MOU D expired in April 2018: Section A; Section B (1,2,3,4,5,6,7); Section C; Section D (1,3); Section E (1,2); Section G (2,3); Section H; Section I (1,2,3,5); Section J; Section K (3,4,5,6,7,10); Section L (1,2,3,4,6); Section M; Section N; Section O (1,2,3,4,5); Section P (1,3). The Plaintiffs have no right to enforce the Consent Decree with respect to the above provisions and such provisions will not be subject to review or monitoring of any kind by the monitor.

3. Defendants will provide monthly reports to the Medical Consultant, Madeline LaMarre, regarding the status of the 18 MOU areas listed below that have not yet sunset:

   a. Section B (8)
   b. Section D (2)
   c. Section E (3, 4)
   d. Section F
   e. Section G (4)
   f. Section I (4)
   g. Section K (1, 2, 8, 9, 11, 12, 13)
   h. Section L (5)
   i. Section O (6)
   j. Section P (2, 4)

4. In the extended period, the parties will forego the monthly conference calls provided for by the Settlement Agreement and historically facilitated by the lead Monitor, Susan McCampbell. The Medical Consultant may consult with the Monitor as needed.

5. The specific reporting data/documents relating to the 18 MOU areas that are subject to inspection will be agreed upon between the Medical Consultant and PCJ. The Medical Consultant may request that the monthly documentation include up to eight (8) patient records, provided that these records may not be relied upon by the Medical Consultant in making compliance determinations during the 6-month extension.

6. In the event of an inmate death, Defendants shall notify the Medical Consultant and counsel for Plaintiffs on the next business day. Defendants shall provide the Medical Consultant and counsel for Plaintiffs any documentation or reports related to the event no more than 7 days after the document is prepared. For documents related to the event that Defendants

receive from another agency, they will provide such to the Medical Consultant and counsel for Plaintiffs no more than seven (7) days after such documents are available to PCJ staff.

7. The Medical Consultant will conduct a monthly telephone conference with the Medical Department and a member of the PCJ custody staff. The Medical Consultant will draft a summary of these calls and provide them to the parties within 5 business days. The summary will follow the format of the Summary for the Monthly Conference Calls prepared by the lead Monitor from 2011 to date, and reflect the date of the call, the participants, the topics discussed and a brief summary of the discussion. The summary will not exceed two pages and will not include compliance determinations.

8. At the Medical Consultant's request, a call with counsel may be arranged and may include the Monitor.

9. The Medical Consultant will conduct a two-day site visit on August 28-29, 2018 to review the compliance status of the 18 areas.

10. The Medical Consultant will issue her draft Report on the site visit no later than September 17, 2018.

11. No motions relating to the Consent Order, other than as set forth is Paragraph 14 below, will be filed until receipt of the Consultant's Report following her 2-day site visit.

12. The Consent Order in the federal litigation will terminate on October 24, 2018, and at such time, Plaintiffs will have no further right to enforce the terms of the Settlement Agreement and the Court shall no longer retain jurisdiction, if any, over the enforcement of such Agreement.

13. Notwithstanding Paragraph 12, Plaintiffs may file a motion to enforce the Consent Order if, as a result of the August 2018 site visit, the Medical Consultant finds:

    a. The MOU provision on the treatment of drug and alcohol withdrawal (Section F) is no longer in substantial compliance; or

    b. PCJ has not maintained a "substantial compliance" rating for at least 65 of the 73 MOU provisions in the Medical MOU.

14. While this agreement is in effect, Plaintiffs may seek immediate judicial relief in the event of an emergency threatening to cause immediate or irreparable harm to the class of inmates or any portion thereof based on the current medical care provided with respect to one or more of the 18 MOU areas subject to monitoring.

15. In concluding that a MOU section previously found in substantial compliance has lapsed into partial compliance status, the Medical Consultant may not rely on new or altered standards for achieving substantial compliance in the absence of a material change in circumstances.

16. Should Plaintiffs file a motion to enforce the Consent Order after the August 2018 site visit

or a motion pursuant to Paragraph 14, the parties may only publicly file the site visit Reports from September 2018, March 2018, and/or November 2017. If either party determines that information or findings from prior Reports are relevant to a pending motion, they may file excerpts from such reports that are related to the provisions at issue in the motion, subject to the other party's right to challenge the public filing of such excerpts. The names of PCJ staff, Corizon staff, and any identifying information regarding patients will be redacted.

17. Defendants retain the right to oppose any enforcement proceeding and remedies sought by Plaintiffs on jurisdictional and substantive grounds, including a challenge to the Medical Consultant's factual findings and compliance determinations.

18. In determining compliance with § K.1 of the Medical MOU, the following standards will apply:

    a. Instead of a 24 hour or "next business day" standard for expedited H&P's, PCJ will be compliant if the H&P is performed by the end of the next calendar day after the plaintiff was admitted to PCJ.

    b. The expedited "H&P" standard will apply to inmates at risk of alcohol or drug withdrawal if they score at least a 3 on the initial CIWA or at least a 5 on the initial COWS, provided that: (i) inmates who do not meet this criteria but satisfy the criteria for placement on the Corizon substance abuse withdrawal protocol are placed on such protocol following their RN nursing intake; (ii) the initial H&P for such patients (if not previously performed) is performed the same day as they score a 3 on a CIWA assessment or a 5 on a COWS assessment. (In the event these trigger scores are recorded at a time when no provider is onsite to perform a same-day evaluation, a provider will be consulted by phone for orders, the call will be documented in the patient's records, and the expedited evaluation will be performed within the first 3 hours of the next onsite provider shift.)

19. The terms agreed upon within this Consent Judgment are being entered by the Court in an enforceable order, based upon the consent and acquiescence of the parties. 18 U.S.C. § 3626(g).

20. Neither party waives its position regarding the use and/or admissibility of any final Medical Consultant reports in judicial proceedings in this case.

21. Other than as set forth herein, this Consent Judgment does not otherwise enlarge or restrict any party's rights under the April 24, 2012 Consent Decree, the Settlement Agreement or MOU D.

For the Defendants:

*[signature]*

J. Barry Cocoziello
Marianne C. Tolomeo
**CONNELL FOLEY**

For the Plaintiffs:

*[signature]*

Jennifer B. Condon
**SETON HALL UNIVERSITY SCHOOL OF LAW, CENTER FOR SOCIAL JUSTICE**
833 McCarter Highway
Newark, NJ 07102
(973) 642-8700
Robert McGowan (NJ Ct Rule)
Carla Zavala (NJ Ct Rule)

*[signature]*

Jeanne LoCicero
Tess Borden
**AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION**
PO Box 32159
Newark, NJ 07102
(973) 642-2086

Having reviewed the background, terms and conditions set forth above and the records on file in this case, the Court hereby orders that the Consent Decree and portions of MOU D incorporated therein and referenced above shall be extended by six months pursuant to the terms set forth above. This court shall retain jurisdiction over this case to enter any order necessary to ensure compliance with and implementation of the terms and conditions set forth above. The Court further finds that the terms of this federally enforceable Consent Judgment comply in all respects with the provisions of the Prison Litigation Reform Act, 18 U.S.C. § 3626(a), are fair and reasonable, and that giving the Defendants an additional six months to implement their plan shall provide-effective relief to the plaintiff class.

IT IS SO ORDERED.
DATED: 6/20/18

United States District Court